## SUPREME COURT.

SAMUEL WEEKS, Jr;, *et al.*, respondents, agt. JACOB WEEKS
CORNWELL and others, appellants.

*Will—Construction of—When trust attempted to be created too indefinite, and
the discretion vested in the trustees too wide to be upheld.*

The testator, after making specific legacies, gave his wife, during her life,
four houses in Fifth avenue, devising the remainder, after the life
estate, by the twenty-fourth clause of his will, to his executors, "upon
trust to use the same as in their judgment they deem to be for the best
interest of my whole estate," with power to mortgage the land for any
sum in their discretion, and after paying and keeping paid all taxes and
assessments upon the property, and after expending such amounts as
they may deem necessary to keep the said premises in good order and
repair and properly insured against loss and damages by fire, to divide
and pay the remainder at any time within ten years to each and every
of his legatees (except two servants), &c. By the twenty-fifth clause,
the testator gave the fee of this Fifth avenue property "to each and
every one of my legatees herein named (except two servants) to be
divided among such legatees in the proportion which his, her or their
specified legacies hereinbefore named and bequeathed, bear to each
other:"

*Held*, that the twenty-fifth clause is a plain and legal devise of the Fifth
avenue property to take effect upon the termination of the trust estate
created by the twenty-fourth clause, and is not void for uncertainty,
either as to the objects of the testator's bounty or their relative propor-
tions. The twenty-fourth clause, however, is invalid, the trust attempted
to be created being too indefinite, and the discretion vested in the trus-
tees too wide to be upheld, and the lands sought to be partitioned vested
on the termination of the life estate in the persons designated as the
testator's legatees, and by him declared to be his legal heirs (*See S.· C.*,
64 *How.*, 276).

*First Department, General Term, August,* 1883.

*Before* DAVIS, *P.· J.*, BRADY *and* DANIELS, *JJ.*

APPEAL from judgment of special term in an action for the
partition of certain lands, and motion for new trial under the
provisions of section 1001 of the Code of Civil Procedure.

*Flamen B. Candler, William Fullerton* and *J. M. Peters, Abner C. Thomas, Edward P. Wilder,* guardian, &c., for appellants.

*William A. Beach, A. H. Stoiber, W. B. Pulney, S. H. Thayer, E. Ellery Anderson,* for respondents.

DAVIS, *P. J.* — This action involves and depends upon the construction of certain provisions of the last will and testament of Jacob Weeks, late of the city of New York. The testator, after several other provisions for his wife, devised to her the lots of ground and the buildings erected thereon in the city of New York, known by the present street numbers 750, 752, 754, 756 Fifth avenue, for and during her life. He made also some absolute devises of lots in the city and elsewhere, and a large number of devises to the trustees named and appointed by the will to receive and collect the rents of the property specified in them, respectively, and pay the same to the beneficiaries designated during their respective lives, and at their several deaths he devised the remainder to their heirs, &c. In this manner he disposed of all his real estate, except the remainder, after the life estate of his wife, of the Fifth avenue lots above mentioned by numbers. In respect of them the only disposition of the remainder is made by the twenty-fourth and twenty-fifth clauses of the will, and it is upon the construction of those clauses that the right to maintain this action, brought to partition those several lots among the heirs-at-law of the testator, depends. The twenty-fourth and twenty-fifth clauses of the will are as follows:

*Twenty-fourth.* All the rest, residue and remainder of my estate, real and personal, that I may own at the time of my death, and not hereinbefore bequeated in fee or upon trust, I give, devise and bequeath to my said executors, upon trust, to use the same as in their judgment they deem to be for the best interest of my whole estate; and, in order to raise money for that purpose, I empower them to mortgage the piece or parcel of land, being the residue and remainder of my estate

and not hereinbefore disposed of in fee or upon trust, and after paying and keeping paid all taxes and assessments upon said property, and expending such amounts as they may deem necessary to keep the said premises in good order and repair, and properly insured against loss and damage by fire, to divide and pay the remainder, at any time within ten years, to each and every of my legatees hereinbefore named, except Ann Davey and Hugh Collins, in the proportion in which his, her or their specified legacies hereinbefore named and bequeathed bear to each other. The heirs of such legatees as may have died to take the share to which said legatee would, if living, have been entitled.

*Twenty-fifth.* Upon the termination of the real estate trusts herein contained, where I have not hereinbefore disposed of the fee of my real estate, I do hereby give, devise and bequeath the fee of said real estate trust property to each and every one of my legatees herein named, except Ann Davey and Hugh Collins, to be divided among such legatees in the proportion in which his, her or their specified legacies hereinbefore named and bequeathed bear to each other; the heirs of such legatees as may have died to take the share to which said legatee would, if living, have been entitled; meaning and intending by this to regard each of my legatees, except Ann Davey and Hugh Collins, a legal heir to my estate, limited to the said trust property in the proportion named.

The Fifth avenue property, being the only lands of the testator not finally devised by the will, is concededly the real estate intended to be affected by the twenty-fourth and twenty-fifth clauses. It had already been subjected to one life estate — that of the testator's wife. Upon her decease, the testator, by the twenty-fourth clause of his will, devises that property in trust to his executors. He declares the trust in these words : " To use the same as in their judgment they deem to be for the best interest of my whole estate." This trust he couples with a special power, and for a special purpose ; that is, to mortgage the land for any sum in their dis-

cretion, and after paying and keeping paid all taxes and assessments upon the property, and after expending such amounts as they may deem necessary to keep the said premises in good order and repair, and properly insured against loss and damages of fire, to divide and pay the remainder, at any time within ten years, to each and every of his legatees, &c.

The scheme of this clause, in the testator's mind, though ill expressed, seems to us quite apparent. The Fifth avenue estate was very valuable. The income from it would be large, ranging probably from fifteen to twenty-five thousand dollars per annum. He designed of this income to create a safety fund, so to speak, which, aided by the powers to raise an additional amount by mortgage, would be sufficient to protect his "legatees," as he calls them, in the enjoyments of his bounty, by using the same as the trustees might deem to be for the best interest of the whole estate. Out of the trust funds, whether accruing from income or mortgage, the trustees are to pay all taxes and assessments on the Fifth avenue property, all necessary repairs and insurance, and out of the unexpended moneys of the trust, within ten years, to divide and pay the remainder to all his legatees (with specified exceptions), or their heirs, if any shall have deceased, in the proportion prescribed by the clause. He limits the continuance of the trust to ten years, but clothes the trustees with discretion to close it at any time sooner by the division of the unexpended remainder.

The twenty-fifth clause relates solely to the final disposition of the Fifth avenue property, which is to be made at the termination of the trust created by the twenty-fourth clause. It has no reference to the trusts when the fee of the land to which they were respectively attached had been disposed of by the testator in the other provisions of his will, but is to become operative, as he declares, " upon the determination of the real estate trusts herein contained where I have not disposed of the fee of my real estate." The trust of the twenty-fourth clause is the only one which answers this description, and the twenty-fifth clause is therefore to be read as though it

had said : " Upon the termination of the trust created by the twenty-fifth clause I give and bequeath the fee of said real estate trust property " (meaning plainly the Fifth avenue lots) " to each and every one of my " (his) " legatees." There is no room to doubt that by the word legatees he meant every one to whom he had given the income or the several life estates, or devised any real estate, except the two servants to whom he had devised the house in Twelfth street ; and to make this still clearer he adds, " meaning and intending to regard each of my legatees, except Ann Davey and Hugh Collins, a " legal heir" to my estate, limited to said trust property in the proportion named. There is no legal difficulty, however troublesome in practice the making of the division may be. It would be made, if at all, upon rules and principles of valuation which will ascertain the ratio or proportion intended by the testator. If the gifts were of money the proportion would be easy of ascertainment, and as they are of property which can be valued in money, the proportionate value, though more difficult, is not impossible. The twenty-fifth clause of the will is therefore a plain and legal devise of the Fifth avenue property, to take effect upon the termination of the trust estate created by the twenty-fourth clause. It declares the objects of his bounty and their relative proportions with sufficient legal distinctness, and is not void for uncertainty in either particular:

The whole question then is, whether the limits of the twenty-fifth clause are void for any reason. We have already seen that one life estate had been imposed upon the fee of the Fifth avenue lots. That was valid and has expired. The testator could lawfully tie up the fee for one life more, but not a period beyond one more life in being. In the view we take of the clause, he has attempted to create conditions which suspend the power of alienation for a period limited only by ten years. This he could not lawfully accomplish except by the creation of a trust authorized by the statute. But our statute does not authorize the creation of a trust of a

portion of an estate to be, by the trustees, used "as, in their judgment, they deem to be for the best interests of the whole estate." The objects of the trust are too indefinite, and the discretion vested in the trustees too wide to be upheld under any of the several provisions of the Revised Statutes, entitled "Of Trusts."

We are therefore of opinion that the twenty-fourth clause of the will must be regarded as invalid. But the twenty-fifth clause does not therefore fail. The words, upon the termination of the real estate trusts, &c., are fully satisfied by its failure for legal invalidity. The devise of the fee by that clause being valid, the several devisees take by operation of the devise instantly upon the termination of the prior life estate. The fee would descend to the heirs upon that event but for the fact that a valid devise carries it to another class, whom the testator names as legatees, and declares to be his legal heirs of the sufficiently defined real estate. The fact that we must refer to an invalid provision of a will to get a definite description or designation of the lands given by a subsequent valid devise, is an unimportant circumstance not prejudicial to such devise.

Our conclusion is, therefore, that the land sought to be partitioned vested by virtue of the twenty-fourth clause of the will in the persons designated as the testator's legatees and by him declared to be his legal heirs. And that the judgment of the court is, and so far as necessary should be, modified to conform to this conclusion, and as so modified affirmed, with costs of all parties out of the fund.

We think it would be safer to bring in the children of the living beneficiaries of the parties as suggested by the answer and points of the defendant Nathaniel T. Weeks, by staying proceedings temporarily, and by consent of the several parties without the necessity of a new trial, and without prejudice to the proceedings already had, and the several parties can be heard thereon if desired, on the settlement of the order.

DANIELS, J., concurs.